```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LOUIS CEVASCO et al.,                                          :
                                                               :    04 Civ. 5760 (PAC) (GWG)
                    Plaintiffs,                                :
                                                               :
             -v.-                                              :    OPINION AND ORDER
                                                               :
NATIONAL RAILROAD PASSENGER CORP.,                             :
et al.,                                                        :
                                                               :
                    Defendants.                                :
---------------------------------------------------------------X
```

This Opinion and Order also applies to:

Adornetti v. National Railroad Passenger Corp., et al., 06 Civ. 6195
Sood v. National Railroad Passenger Corp., et al., 05 Civ. 7419
Vitale v. National Railroad Passenger Corp., et al., 06 Civ. 6196

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Louis Cevasco, Jugal Sood, Joseph Adornetti, and Girolamo Vitale have each brought suit against the National Railroad Passenger Corp. ("Amtrak") for personal injuries allegedly sustained on July 10, 2004, while the plaintiffs were engaged in construction work in a railroad tunnel.[1] Amtrak, as defendant and third-party plaintiff, has now moved for leave to amend its third-party complaints to add new claims against existing third-party defendants Crescent Contracting ("Crescent"), STV Incorporated ("STV"), Mitchell Equipment Corporation ("Mitchell"), T.C. Johnson Co. ("Johnson"), Hatch Mott MacDonald, Inc. ("HMM"), STV/HMM, a joint venture of HMM and STV ("STV/HMM"), Transportation Resources, Inc.

---

[1] All four actions have been consolidated under the docket number 04 Civ. 5760. Because the motion papers are substantively identical in each case, all citations herein to docketed papers refer to 04 Civ. 5760, unless otherwise noted.

("TRI"), Terex Corporation, Terex Cranes, Inc., and Koehring Cranes, Inc. (together "Terex"). See Notice of Motion in Cevasco, filed Aug. 10, 2007 (Docket # 194 in 04 Civ. 5760) ("Motion"); Notice of Motion in Sood, filed Aug. 10, 2007 (Docket # 110 in 05 Civ. 7419); Notice of Motion in Vitale, filed Aug. 10, 2007 (Docket # 74 in 06 Civ. 6196); Notice of Motion in Adornetti, filed Aug. 10, 2007 (Docket # 71 in 06 Civ. 6195).

I. BACKGROUND

 A. Facts

Amtrak alleges that it entered into a contract with STV, HMM, and STV/HMM[2] in 2001 to perform construction management services at the site of the accident, and that these entities were performing these services at the time of the accident. Amtrak's Revised Proposed Third Amended Third Party Complaint, dated Oct. 2, 2007 (annexed as Ex. E to Declaration of Sophia Ree, filed Oct. 2, 2007 (Docket # 204)) ("Amtrak's Third Compl."), ¶ 155; see also Construction Management Services Contract, dated Dec. 11, 2001 (annexed as Ex. M to Motion) (the "Contract"). Amtrak also alleges that it purchased a railroad crane manufactured and/or sold by Terex and/or TRI, and that this crane contributed to the accident. Amtrak's Third Compl. ¶¶ 239-40.

 B. Amtrak's Proposed Claims

In the Cevasco action, Amtrak's proposed Third Amended Complaint contains the following new claims:

---

[2] We will sometimes refer to HMM and STV/HMM collectively as simply "STV/HMM."

Against Crescent
- For breach of contract for "failure to defend and indemnify [Amtrak]," Amtrak's Third Compl. ¶¶ 126-31 (claim 16);
- For "fail[ure] to indemnify [Amtrak]" "pursuant to the contractual agreement(s)," id. ¶¶ 132-34 (claim 17);
- For breach of contract for failure to "maintain certain insurance policies for the benefit of Amtrak . . . nam[ing] Amtrak as an additional insured with a waiver of subrogation . . . delet[ing] all Railroad exclusions," id. ¶¶ 136-40 (claim 18);
- For "indemnification or contribution" based on third-party defendants' "negligence, acts and omissions," id. ¶¶ 144-46 (claim 20).

Against STV, HMM, and STV/HMM
- For joint and several liability, "pursuant to contractual agreement(s)," if Amtrak is found liable to plaintiff, id. ¶¶ 147-60 (claim 21);
- For "fail[ure] to indemnify [Amtrak]" "pursuant to the contractual agreement(s)," id. ¶¶ 173-76 (claim 23);
- For breach of contract for failure to "maintain certain insurance policies for the benefit of Amtrak . . . nam[ing] Amtrak as an additional insured with a waiver of subrogation . . . delet[ing] all Railroad exclusions," id. ¶¶ 177-81 (claim 24);
- For common law contribution and indemnification because plaintiff suffered a grave injury within the meaning of New York Workers' Compensation Law § 11, id. ¶¶ 191-93 (claim 28).[3]

Against Johnson, TRI, Mitchell, and Terex
- For "indemnification or contribution" based on third-party defendants' "negligence, acts and omissions," id. ¶¶ 50-52, 75-77, 228-30, 265-67 (claims 6, 9, 33, 38).

In the Sood action, Amtrak seeks to amend its complaint to include all the claims it seeks to add in the Cevasco action except for the claim against STV/HMM for indemnification and contribution pursuant to New York Workers Compensation Law § 11. See Amended Third-

---

[3] In the listing contained in its opening brief, Amtrak did not fully describe the claims it included in the Third Amended Complaint against STV/HMM. See Memorandum of Law in Support of Amtrak's Motion to Amend Its Third-Party Complaint, filed Aug. 10, 2007 (Docket # 195), at 4. The listing above is based on a comparison of Amtrak's Second Amended Third-Party Complaint, see Second Amended Third-Party Complaint, filed Aug. 10, 2006 (Docket # 114) ("Amtrak's Second Compl."), with the Third Amended Complaint. The claims omitted from Amtrak's opening brief, claims 21 and 23, were raised in Amtrak's reply brief. See Memorandum of Law in Further Support of Amtrak's Motion to Amend Third-Party Complaint, filed Oct. 2, 2007 (Docket # 203) ("Amtrak R. Mem."), at 9.

3

Party Complaint, filed Aug. 8, 2006 (Docket # 45 in 05 Civ. 7419); see also Memorandum of Law in Support of Amtrak's Motion to Amend Its Third-Party Complaint, filed Aug. 10, 2007 (Docket # 111 in 05 Civ. 7419), at 3-4.

In the Adornetti and Vitale actions, Amtrak seeks to amend its complaint to include the same three claims against Crescent that it seeks to include in its complaints in the other two actions. See Third-Party Complaint in Adornetti, filed Nov. 6, 2006 (Docket # 27 in 06 Civ. 6195); Third-Party Complaint in Vitale, filed Nov. 6, 2002 (Docket # 29 in 06 Civ. 6196); see also Memorandum of Law in Support of Amtrak's Motion to Amend Its Third-Party Complaint in Adornetti, filed Aug. 10, 2007 (Docket # 72 in 06 Civ. 6195), at 3; Memorandum of Law in Support of Amtrak's Motion to Amend Its Third-Party Complaint in Vitale, filed Aug. 10, 2007 (Docket # 75 in 06 Civ. 6196), at 3.

   C. The Third-Party Defendants' Arguments in Opposition to the Proposed Amendment

Crescent, STV, Mitchell, and Johnson do not oppose Amtrak's motion to amend. See Letter from Brian A. Kalman, filed Sept. 10, 2007 (Docket # 202) ("STV Letter"). Terex and TRI do not oppose Amtrak's proposed claim for contribution as described in claims 9 and 38, although they do oppose the portions of these claims that seek indemnification. Terex Memorandum of Law in Partial Opposition to Amtrak's Motion to Amend Its Third-Party Complaint, filed Sept. 7, 2007 (Docket # 198) ("Terex Mem."), at 1, 3-6; Letter from Scott L. Haworth, filed Sept. 7, 2007 (Docket # 201). STV/HMM provide argument directly opposing only the claims for breach of contract for failure to "have the required insurance coverage with the required terms and conditions," Amtrak Third Compl. ¶¶ 177-81, and for common law contribution and indemnification under New York Workers' Compensation Law § 11, id. at

4

¶¶ 191-93 – that is claims 24 and 28. See HMM Memorandum of Law in Opposition to Amtrak's Motion to Amend Its Third-Party Complaint, filed Sept. 7, 2007 (Docket # 200) ("HMM Mem."), at 9-12.[4]

## II. DISCUSSION

### A. Legal Standard for Amending a Complaint

Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend a complaint] when justice so requires." See also Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, leave to amend may be denied where there is "undue delay, bad faith, . . . undue prejudice to the opposing party, [or] futility of amendment." Foman, 371 U.S. at 182; accord Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d. Cir. 2002). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). Notably, "[d]elay alone . . . does not usually warrant denial of leave to amend." Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); accord Ispat Inland, Inc. v. Kemper Envtl., Ltd., 2007 WL 2197837, at *1 (S.D.N.Y. July 31, 2007).

Under Fed. R. Civ. P. 8(a)(2), a pleading is required to contain "a short and plain

---

[4] It is possible that STV/HMM did not directly address the other two claims raised against them – claims 21 and 23 – because they were not discussed in Amtrak's opening brief. See footnote 3 above. The claims were, however, contained in the proposed Third Amended Complaint and were also discussed in Amtrak's reply brief. In any event, the Court's ruling on Amtrak's motion to amend is without prejudice to any legal arguments raised with respect to these claims on any future motion, including a motion to dismiss or for summary judgment. Indeed, STV, the other third-party defendant against whom claims 21 and 23 are asserted, has declined to oppose them at this time in favor of an anticipated motion to dismiss. See STV Letter.

5

statement of the claim showing that the pleader is entitled to relief." Thus, a complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The factual allegations must be sufficient "to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007) (emphasis omitted). On a motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002). Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also id. at 1966 (pleading must "possess enough heft to show that the pleader is entitled to relief") (citations, internal quotations, and brackets omitted). Thus, "a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 503 F.3d 117 (2d Cir. 2007).

While a court normally examines only the allegations of the complaint on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted). "In addition, even if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on such a motion." Id. (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)) (emphases in original), cert. denied, 503 U.S. 960

6

(1992).

The claims in this case arise under state law. Because the parties in their briefs have assumed that New York law applies, they have impliedly consented to its application. See Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).[5]

B.  Claims Against STV/HMM

1.  Breach of Contract (Claim 24)

As stated in the complaint, the Construction Management Services Contract that STV/HMM signed with Amtrak provides:

> 36. Insurance.  Contractor [that is, STV/HMM] shall procure and maintain as it [sic] own cost and expense, during the entire period of performance under the Contract, the types of insurance specified below . . . .
>
> A.  Workers' Compensation Insurance
> A policy complying with the requirements of the statutes of the jurisdiction(s) in which the Services will be performed, covering all employees of Contractor. Employer's Liability coverage with the limits of liability not less than $1,000,000 each accident or illness shall be included.
>
> B.  Commercial General Liability Insurance
> A policy issued to and covering liability imposed upon, Contractor arising out of the Services to be performed and all obligations assumed by Contractor under the terms of this Contract.  Products/completed operations liability, independent contractors liability, contractual liability, personal injury liability and advertising liability coverages are to be included, and all railroad exclusions are to be deleted. National Railroad Passenger Corporation is to be named as an additional insured

---

[5] While Amtrak's contract with STV/HMM provides that it is governed by the law of the District of Columbia, Contract at 9, the parties' implied consent to the application of New York law with respect to the claims under this contract, see HMM Mem. at 11-12; Amtrak R. Mem. at 6-7, appears to make no difference to the outcome of this case.  In both jurisdictions, a claim for breach of a contract requires pleading at most only the existence of a contract, plaintiff's performance of the contract, its breach, and damages.  See Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996); RLI Ins. Co. v. Pohl, Inc. of Am., 468 F. Supp. 2d 91, 96 (D.D.C. 2006) (existence of contract and breach); Osbourne v. Capital City Mortg. Corp., 727 A.2d 322, 324-25 (D.C. 1999) (damages).

7

> with respect to operations to be performed and the policy shall contain a waiver of subrogation against National Railroad Passenger Corporation, its employees and agents. Coverage under this policy, shall have a combined single limit of liability of not less than $2,000,000 per occurrence.
>
> C. Automobile Liability Insurance
> A policy issued to and covering the liability of contractor arising out of the use of all owned, hired, rented or leased vehicles which bear, or are required to bear, license plates according to the laws of the jurisdiction in which they are to be operated, and which are not covered under Contractor's Commercial General Liability insurance. The policy shall name National Railroad Passenger Corporation as an additional insured with respect to operations to be performed in connection with the terms of the Contract, and shall contain a waiver of subrogation against National Railroad Passenger Corporation, its employees and agents. Coverage under this policy, or policies, shall have a combined single limit of liability of not less then $1,000,000 per occurrence . . . .
>
> E. Railroad Protective Liability Insurance. (applicable where Contractor or a subcontractor is performing Services within fifty (50) feet, horizontally or vertically, of railroad tracks).
> The policy shall be issued on the current (ISO/RIMA) Occurrence Form (claims-made forms are unacceptable), in the name of National Railroad Passenger Corporation (and any other railroad operating over the tracks). The policy shall have a combined single limit of liability of not less than $2,000,000 per occurrence for Coverages A and B. A $6,000,000 annual aggregate may apply. The original policy shall be submitted to Amtrak prior to commencement of Services. . . .
>
> G. Failure to Purchase or Maintain Insurance or Bonds
> If Amtrak is damaged by the failure of the Contractor to purchase or maintain any insurance or bond required by the Contract, then the Contractor shall pay all costs incurred by Amtrak in connection therewith, including without limitation, reasonable attorneys' fees.

Amtrak's Third Compl. ¶ 178; see also Contract at 16-17. Amtrak alleges that STV/HMM breached this contract in three ways: (1) by failing to "have the required insurance coverage with the required terms;" (2) by failing to name Amtrak as an additional insured; and (3) by failing to include a waiver of subrogation against Amtrak, its employees and agents. Amtrak Third Compl. ¶¶ 179-80.

STV/HMM respond that Amtrak's proposed claim is futile because they did in fact procure the required insurance. HMM Mem. at 10. To support this assertion, however, they point to no document attached to the complaint nor to any document referenced in the complaint. See Roth, 489 F.3d at 509. Nor have they pointed to any document on which the complaint "solely" relies and which is "integral" to the complaint. Id. Instead, they simply submit a declaration of their attorney annexing an insurance policy that STV/HMM assert shows that they complied with their contract with Amtrak. See Comprehensive General Liability Policy No. 8830639, dated Oct. 10, 2001 – Oct. 1, 2002 (annexed as Ex. A to Affirmation of Robert D. Ely, filed Sept. 7, 2007 (Docket # 199)). STV/HMM provide no explanation as to why the proffer of this insurance policy is permissible under the standards of a motion to dismiss. In addition, the parties sharply dispute whether this policy fulfills STV/HMM's obligations under the contract.[6] Accordingly, the Court rejects the invitation to examine this insurance policy to determine whether it fulfills STV/HMM's obligations under their contract with Amtrak.

Inasmuch as it is not disputed that Amtrak's proposed complaint alleges the existence of a contract, its performance by Amtrak, the contract's breach, and damages – the only allegations required under New York Law to state a claim for breach of contract, see Furia v. Furia, 116 A.D.2d 694, 695 (2d Dep't. 1986) – the inclusion of claim 24 would not be futile. Thus, the motion to amend is granted with respect to this claim.[7]

---

[6] Notably, STV/HMM do not even address one of Amtrak's predicates for the breach of contract claim: that they failed to obtain a policy that included a waiver of subrogation against Amtrak. See Amtrak Third Compl. ¶¶ 180; HMM Mem. at 10-12.

[7] STV/HMM also argue that Amtrak has "previously asserted a claim for contractual indemnification," HMM Mem. at 8, and "for common law indemnification and contribution," id. at 9, and state that "any new allegations seeking the same relief are duplicative and must be

9

2. New York Workers' Compensation Law (Claim 28)

Amtrak's present complaint already contains claims for common law contribution and indemnity against HMM and STV/HMM, which appear as claims 26 and 27 in the proposed complaint. Amtrak Third Compl. ¶¶ 185-90; Amtrak Second Compl. ¶¶ 163-168. The proposed claim 28 states that Amtrak "is entitled" to bring its claims for common law contribution and indemnification "by reason" of the fact that each plaintiff employee suffered a "grave injury" under New York Workers' Compensation Law § 11. Amtrak Third Compl. ¶ 192.

Section 11 provides:

> An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" . . . .

N.Y. Workers' Compensation Law § 11. Notably, the statute only sets forth a limitation on recovery when an employer otherwise would be liable for a claim of contribution or indemnity. It does not purport to create a cause of action. Thus, STV/HMM assert that Amtrak's claim for contribution "pursuant" to this statute is futile as the statute is not a "means for any party to affirmatively obtain any relief." HMM Mem. at 9.

Amtrak's only response to this assertion is the ipse dixit that "HMM and STV/HMM offer no authority to support its argument that Amtrak cannot assert claims for indemnification and contribution" pursuant to the statute. Amtrak R. Mem. at 10. In fact, the statute itself is authority supporting the STV/HMM's argument. While the "grave injury" requirement of

---

denied." Id. STV/HMM, however, do not specifically identify to which of Amtrak's new claims these statements refer. As STV/HMM have not explained which of Amtrak's new claims these statements are intended to attack, the Court will not address the merits of this argument.

10

section 11 might be characterized either as a limitation on claims for contribution and indemnity, or as a defense to such claims, compare Way v. George Grantling Chemung Contracting Corp., 289 A.D.2d 790, 793 (3d Dep't 2001) (employer has burden of showing absence of grave injury), with Theodoreu v. Chester Fire Dis., 12 A.D.3d 499, 500 (2d Dep't 2004) (suggesting party seeking indemnity must either "allege[] or prove[]" that employee suffered a grave injury); there is no reading of the statute to support the notion that the statute creates a cause of action independent of any common law claims for indemnity and contribution. Accordingly, the motion to include claim 28 as a claim separate from the common law claims is denied as futile.[8]

    C.    Claims against Terex and TRI

Terex and TRI raise two bases for opposing the claim for common-law indemnification: futility and prejudice. We address each in turn.

        1.    Futility

An implied right of indemnification can be found in two instances under New York law: (1) "implied contract theory of indemnity," which is "based on the special nature of a contractual relationship between parties," or (2) "implied in law indemnity," which "is a tort-based right to indemnification found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other." People's Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 350 (2d Cir. 1986) (citations and internal quotations omitted). The "predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee." Monaghan v. SZS 33 Assocs., L.P.,

---

[8] Amtrak has the option, if it wishes, to add to its existing claims for contribution and indemnity factual allegations pleading the existence of a grave injury.

11

73 F.3d 1276, 1285 (2d Cir. 1996) (quoting Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs., 109 A.D.2d 449, 453 (1st Dep't 1985)).[9] While a party seeking common law indemnity must ultimately show that it is free from fault, Monaghan, 73 F.3d at 1285, adjudication of this issue is normally not possible at the pleading stage. See City of New York v. Black & Veatch, 1997 WL 624985, at *11 (S.D.N.Y. Oct. 6, 1997) (party sufficiently pled common law indemnity claim despite "issue of material fact as to extent of . . . fault").

Terex argues that Amtrak fails to state a claim for common law indemnification because "AMTRAK's negligence precludes it" from holding Terex liable. Terex Mem. at 5. But there has been no finding of negligence on the part of Amtrak. Nor does Amtrak's proposed complaint allege that Amtrak is entitled to indemnity in the event it is found "negligent." Rather, the complaint alleges that "[i]f . . . Amtrak is found liable," it is entitled to indemnity. Amtrak's Third Compl. ¶¶ 76, 266 (emphasis added). In the posture of a motion to amend, this Court is limited to an examination of the pleadings and any incorporated documents. Roth, 489 F.3d at 509. Thus, we cannot look beyond Amtrak's assertion – implicit in the complaint – that Amtrak ultimately may be found liable in this case without necessarily being found negligent. Accordingly, the proposed complaint states a claim for indemnification.

---

[9] Vicarious liability, however, while the "primary example of implied in law indemnification, . . . is not the only basis for the theory." City of New York v. Black & Veatch, 1997 WL 624985, at *11 (S.D.N.Y. Oct. 6, 1997) (citing Rosado v. Proctor and Schwartz, Inc., 66 N.Y.2d 21, 24 (1985)). Strict product liability and breach of warranty are also bases for such a claim. See, e.g., McDermott v. City of New York, 50 N.Y.2d 211, 218-19 (1980); Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 242 (2d Cir. 2002) ("A state-law claim for indemnity may rest upon (inter alia) breach of a quasi-contractual relationship or warranty" and "may arise where the defendant and a third party both caused the same injury – albeit nonconcurrently or under alternative theories of causation").

2. Prejudice

Terex and TRI also assert that permitting Amtrak's proposed amendments would cause unnecessary "duplication and delay," and, thus, the amendments are prejudicial to Terex and TRI. Terex Mem. at 5-6. Terex states that eight Amtrak witnesses have already been deposed, and the addition of a claim for common law indemnity would require re-deposing these witnesses. Id. Common law indemnity, however, is merely a theory of liability based on the claims that were already included in Amtrak's previous complaint. See Amtrak's Second Compl. ¶¶ 43-69, 169-201. Presumably Terex and TRI have already questioned Amtrak's witnesses with regard to these claims. In any event, their papers provide no explanation of what questions would have been asked these witnesses had Amtrak's proposed claims been included previously in its complaint. Nor have they shown how any prejudice could not be cured by taking additional discovery. Thus, Terex and TRI have failed to show that they would suffer prejudice from the addition of a claim of common law indemnity.

Conclusion

For the foregoing reasons, Amtrak's motions to amend its third-party complaints (Docket # 194 in 04 Civ. 5760; Docket # 71 in 06 Civ. 6195; Docket # 110 in 05 Civ. 7419; Docket # 74 in 06 Civ. 6196) are each granted to the extent stated above. The new third-party complaints shall be filed promptly.

Dated: December 8, 2007
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2. Prejudice

Terex and TRI also assert that permitting Amtrak's proposed amendments would cause unnecessary "duplication and delay," and, thus, the amendments are prejudicial to Terex and TRI. Terex Mem. at 5-6. Terex states that eight Amtrak witnesses have already been deposed, and the addition of a claim for common law indemnity would require re-deposing these witnesses. Id. Common law indemnity, however, is merely a theory of liability based on the claims that were already included in Amtrak's previous complaint. See Amtrak's Second Compl. ¶¶ 43-69, 169-201. Presumably Terex and TRI have already questioned Amtrak's witnesses with regard to these claims. In any event, their papers provide no explanation of what questions would have been asked these witnesses had Amtrak's proposed claims been included previously in its complaint. Nor have they shown how any prejudice could not be cured by taking additional discovery. Thus, Terex and TRI have failed to show that they would suffer prejudice from the addition of a claim of common law indemnity.

Conclusion

For the foregoing reasons, Amtrak's motions to amend its third-party complaints (Docket # 194 in 04 Civ. 5760; Docket # 71 in 06 Civ. 6195; Docket # 110 in 05 Civ. 7419; Docket # 74 in 06 Civ. 6196) are each granted to the extent stated above. The new third-party complaints shall be filed promptly.

Dated: December 18, 2007
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

13